## LUNDBERG v. CHICAGO GREAT WEST-ERN RY. CO.

### No. 4930.

District Court, W. D. Missouri, W. D.

Feb. 4, 1948.

John W. Hudson and Frank M. Robison, both of Kansas City, Mo., for plaintiff.

Morrison, Nugent, Berger, Hecker & Buck, by E. R. Morrison and Homer H. Berger, all of Kansas City, Mo., for defendant.

DUNCAN, District Judge.

The question for determination is defendant's motion to dismiss the complaint. The complainant is a resident of the State of Missouri, and the defendant, a corporation, is incorporated under the laws of the State of Illinois.

For 23 years the complainant was employed by the defendant and at the time of his discharge on October 23, 1947, was assistant general freight agent at Kansas City, Missouri. His action is brought under the Railway Labor Act, 45 U.S.C.A. § 151 et seq. He alleges that he at all times performed all of his duties ably and conscientiously, but that he was maliciously and in violation of the provisions of the Act aforesaid, discharged; that by reason of his illegal discharge he has suffered the loss of his position for which he received compensation in the sum of $438 per month plus $150 per month for expenses and membership privileges in various clubs and associations, in addition to his potential retirement benefits and other benefits which he enjoyed as an employee of the defendant. He seeks a mandatory injunction to compel defendant to forthwith reinstate him as of the date of discharge as assistant general freight agent at Kansas City, with all pay and prerogatives and rights that he formerly enjoyed as assistant general freight agent, to enjoin defendant from discharging him except for good cause, and to recover damages in the sum of $10,000 and a reasonable attorney's fee.

Plaintiff alleges that he "was at all times hereinafter mentioned an employee or subordinate official of defendant, as defined in the orders of the Interstate Commerce Commission in the above act," referring to the Railway Labor Act.

62

The defendant seeks to dismiss the amended complaint on the ground that it fails to state a claim upon which relief can be granted and insists that plaintiff does not come within that provision of the Railway Labor Act defining an employee or subordinate official as one whose work is so defined in the orders of the Interstate Commerce Commission now in effect. There is no dispute concerning the duties and responsibilities of complainant in his position as assistant general freight agent. His employment and classification in such employment are well recognized in the railroad industry.

Section 151, supra, defines an employee as including "every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee or subordinate official *in the orders of the Interstate Commerce Commission now in effect, and as the same may be amended or interpreted by orders hereafter entered by the Commission pursuant to the authority which is hereby conferred upon it to enter orders amending or interpreting such existing orders:* * * * (Emphasis supplied)

■ Subsequent to the passage of the Railway Labor Act and pursuant thereto, the Interstate Commerce Commission held a public hearing for the purpose of determining what employees should be included in the designation "subordinate officials." Following the hearing, the Commission issued an order which prescribed that the term "subordinate official" should include the following classes of employees: auditors; claim agents; foremen, supervisors, and road masters; train dispatchers; technical engineers; yard masters; storekeepers; and three classes of supervisory station agents. Subsequent amendments included certain signal foremen, division storekeepers, and employees of the Trunk Line Association. The above order further provided that the above definition included all of the classes of employees whose claims to recognition as subordinate officials were presented at the hearing and that the list of subordinate officials above described might be enlarged or restricted after due notice and hearing "if and when occasion warrants."[1] Nowhere in any of the orders of the Interstate Commerce Commission is there to be found any reference to the classification of the complainant. The complainant cites numerous cases before the Interstate Commerce Commission in which certain designated officials have been held to be employees or subordinate officials. But under the Act only the Interstate Commerce Commission has authority to determine who are employees or subordinate officials within the meaning of the Railway Labor Act. No case has been cited, nor have I been able to find any, in which a court attempted to review any such classification of the Interstate Commerce Commission. Nor has there been any authority cited to the court holding that a court has any right under the Act to determine who is or who is not an employee or subordinate official.

■ In view of the fact that the Interstate Commerce Commission has not included assistant general freight agents within its classification of subordinate officials, the court is without jurisdiction to grant relief to complainant under the Railway Labor Act.

■ Complainant further alleges that he has been deprived of property rights without due process of law in violation of his constitutional rights under the 5th and 14th Amendments to the Constitution of the United States. But the protection of those Amendments is accorded only against the action of the Federal and State Governments or any of their agencies, and not against the action of individuals. Corrigan v. Buckley, 271 U.S. 323, 46 S.Ct. 521, 70 L.Ed. 969.

The complaint should be dismissed. It is so ordered.

---

[1] The order is set out in the Code of Federal Regulations, Title 49, page 690.