JUNKINS v. LOCAL UNION NO. 6313, COMMUNICATION WORKERS OF AMERICA, CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al.

No. 43514.

Supreme Court of Missouri.
Division No. 1.

Jan. 11, 1954.

Daniel J. Leary, Joplin, for appellants.

Stanley P. Clay, Joplin, for respondent.

VAN OSDOL, Commissioner.

This is an appeal from a judgment and decree in favor of plaintiff in an action to enjoin defendants, a labor union, its officers and certain of its members, from charging, trying and disciplining a member, plaintiff.

Prior to April 2, 1951, plaintiff-respondent, an employee of Southwestern Bell Telephone Company (hereinafter referred to as "Company") at Joplin, was a member of Local No. 3135, District No. 20, Communications Workers of America (C.W. A.), affiliated with the Congress of Industrial Organizations (C.I.O.). The membership of Local No. 3135 was composed of those employees of Company who were engaged in the installation, maintenance and repair of telephone communications and service. Plaintiff was a "cable repairman" until February 1, 1951. Early in January 1951, Company offered to transfer plaintiff to a position as "testboard man." Such a transfer is sometimes called a "lateral move." It was and is the position of de-

fendants-appellants that such a transfer is a violation of the union's policy when the transfer is effected by the employer Company and employee without conferring and cooperating with the union, with the view of affording all of Company's employees in the district the opportunity to "bid" for the transfer on the bases of seniority and ability.

Plaintiff accepted the lateral transfer position without any notice to the union and without any conference between the employer and the union, and without any submission of the position for bidding in compliance with the alleged policy of the union. Plaintiff took over his new duties as a test-board man February 1, 1951. On that date Thomas M. Wright, vice-chairman of Local No. 3135, filed complaint with the Local against plaintiff charging him with the will-ful failure to comply with the alleged policy of the District No. 20 and of Local No. 3135. On February 9, 1951, plaintiff was tried on the charge so preferred and was fined by the Local union tribunal. Plaintiff appealed to the Executive Board of Division No. 20. Meanwhile there was in progress a transition or change in the structual organization of the C.W.A., C.I.O., from a "three level" to a "two level" organization, the change to become effective April 2, 1951. Although theretofore the Local No. 3135 was responsive to the intermediate (level) Division No. 20, the change effective April 2d, in effect, abolished divisions as parts of the union organization, and the locals of the C.W.A. on the stated date became responsive to the Executive Board of the International Union, C.I.O. In the reorganization the local union at Joplin was denominated Local Union No. 6313. Inasmuch as the divisional executive board was to be abolished April 2, 1951, plaintiff's appeal was forwarded to the Executive Board of the International Union at Washington, which board, upon review, set aside the decision of the Local tribunal and remanded the proceeding for a new trial.

At its next regular meeting after the remand, Local No. 6313 voted to again try plaintiff; and thereafter, on November 27, 1951, a (second) amended charge was filed, and a second trial was set for hearing before a Local union tribunal to be convened December 14, 1951. However, the instant action was instituted December 7, 1951, and, when plaintiff's petition was filed, the trial court issued a temporary order restraining the union proceeding.

In the instant action, it was alleged by plaintiff that defendants, notwithstanding plaintiff was in good standing, "entered into a conspiracy and actuated by malice and by a determination to deprive this plaintiff of his property and legal rights by a corrupt, arbitrary and illegal use and construction of the powers vested in them by the by-laws and constitution of their organizations * * * have made unjust, illegal and unfounded charges against this plaintiff and have undertaken to try, fine and otherwise punish this plaintiff in an unjust, illegal and oppressive manner." The plaintiff in his petition further specifically stated some thirty-two grounds supportive of his averments of the unlawful, arbitrary and oppressive character of the disciplinary action defendants were about to take against him. Among other grounds, it was alleged,

"(y) Plaintiff states that such alleged rule concerning lateral moves is violative of and contrary to the Laws and Constitution of the State of Missouri and the United States of America.

"(z) Plaintiff states that he is threatened with being deprived of his rights under the 'due process' clause of the Constitution of the United States of America and the State of Missouri.

"(aa) Plaintiff states that he is being threatened with a deprivation of his rights to a trial by jury of his peers as is guaranteed by the Constitutions of the United States of America and the State of Missouri."

Upon the filing of the petition the trial court entered a temporary restraining order, as stated; but upon motion the temporary order was subsequently dissolved as to the defendants other than the defendant Local Union No. 6313. The latter defend-

ant thereafter filed a further motion to dissolve, and all defendants joined in an answer denying and admitting various allegations of the petition. Defendants further alleged that plaintiff, as a member of Local No. 6313, has a right to appeal to the Executive Board of the International Union, as provided by the constitution and bylaws of the union, and thus remedy any injury which could result from any improper action of the Local No. 6313; that plaintiff has failed to exhaust the provided remedies within the structure of the union; and that "until said remedies have been exhausted plaintiff has no right of recourse to this Court." A hearing and trial was had on the motion to dissolve filed by defendant Local No. 6313, and on the merits; and the trial court, having heard the evidence, entered an order permanently enjoining defendants from "(1) threatening to hold a trial of any character based upon the charge that plaintiff accepted employment from the Southwestern Bell Telephone Company by virtue of a lateral move by management; (2) from actually holding a trial of any character for plaintiff based upon his acceptance of employment from the Southwestern Bell Telephone Company by virtue of a lateral move by management; (3) from threatening to, attempting to, or in fact, fining or endeavoring to punish plaintiff from having accepted a position of employment from the Southwestern Bell Telephone Company by virtue of a lateral move and (4) from interfering in any manner with plaintiff holding and performing the duties of his present employment with the Southwestern Bell Telephone Company."

By agreement of the parties, the trial briefs were included in the transcript on appeal. We have observed that these briefs as well as the briefs of the parties on this appeal have made reference to Federal and State constitutional provisions guaranteeing "due process of law" and State constitutional provision guaranteeing trial by jury as well as other provisions of the Constitution of Missouri which had in no way been referred to in the pleadings. The trial court's decree recited the trial court's finding. The trial court found, inter alia, that the appeal procedure governing defendant union is so imperfect, unreasonable, oppressive and unjust that it would be "useless and futile for plaintiff to ever consider or undertake the prosecution of an appeal to its fullest extent and that said appellate procedure deprives this plaintiff of his property and rights without due process of law as provided by Article I, Section 10, Missouri Constitution, 1945."

The appellate jurisdiction of this court, Const. Art. V, § 3, V.A.M.S., has not been questioned by either of the parties, plaintiff and defendants; but, although the jurisdictional question has not been raised, it is our duty nevertheless to ascertain if this court has appellate jurisdiction of a case. Fanchon & Marco Enterprises v. Dysart, Mo.Sup., 189 S.W.2d 291. In cases involving the appellate jurisdiction of this court, we have sedulously retained to ourselves the right to look within the shell of briefs, pleadings, and transcript to the kernel of the thing, to see if the jurisdictional question is of substance; for to give life to a jurisdictional question it must be real, not colorable only. Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108; Esmar v. Haeussler, 341 Mo. 33, 106 S.W.2d 412; Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897.

Having examined the voluminous record, we have come to the conclusion that this court has no appellate jurisdiction. The constitutional questions, which at first blush seem to have been raised, are specious; and no other ground which would vest this court with appellate jurisdiction affirmatively appears from the record. Reference has been made to the allegations of the petition averring that the plaintiff is threatened with deprivation of his rights in violation of due process clauses of the Constitution of the United States and of Missouri, Section One of the Fourteenth Amendment to the Constitution of the United States; and Const. Art. I, § 10, V.A.M.S.; and deprivation

of the kindred right of trial by jury as preserved and guaranteed by the Constitution of Missouri, Const. Art. I, § 22, V.A.M.S. We have also referred to the contentions in the parties' briefs and the recitals of the findings in the trial court's judgment and decree pertaining to cited constitutional provisions applicable to State action and insuring due process of law. There can be no doubt that these "due process" provisions are for the protection of life, liberty, and property as against State governmental action through executive, legislative, judical or administrative authority, and are not applicable herein to the acts of individuals affecting the rights of other individuals. Teague v. Brotherhood of Locomotive Firemen & Enginemen, 6 Cir., 127 F.2d 53; Mason v. Hitchcock, 1 Cir., 108 F.2d 134; Lundberg v. Chicago Great Western Ry. Co., D.C.Mo., 76 F.Supp. 61; International Union of Mine, Mill & Smelter Workers v. Tennessee Copper Co., D.C.Tenn., 31 F.Supp. 1015; Vol. 2, Cooley's Constitutional Limitations, 8th Ed., pp. 743–745; 16 C.J.S., Constitutional Law, § 568e, pages 1149–1150. See also and compare Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112.

It seems that the real issues involved, as raised by the pleadings and the evidence and by the contentions of the parties in this case, are those upon questions of whether plaintiff, an allegedly aggrieved member of a labor union, must follow the general rule requiring the member, in seeking relief from threatened disciplinary action on the part of the union or union tribunal, to first resort to and pursue and exhaust the remedy provided by the constitution and bylaws of the union, see generally, Oakes, Organized Labor and Industrial Conflicts, §§ 59–64, pp. 64–72, or whether in the circumstances shown in evidence an exception to or qualification of the general rule is applicable so that plaintiff may resort to the courts at the outset and pursue an equitable remedy to protect himself from such action as might otherwise have been taken by the union or union tribunal.

The case should be transferred to the Springfield Court of Appeals.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.