JACK COOPER TRANSPORT COMPANY, INC., a Corporation, Respondent, v. JAMES RUSSELL STUFFLEBEAM and VERNE McCULLOUGH, Officers and Agents of International Association of Machinists, Local Lodge No. 778, A.F. of L., and O. B. ENLOE and CHARLES TOMITY, Officers and Agents of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Lodge No. 552, A. F. of L., Appellants, No. 43706—280 S. W. (2d) 832.

Court en Banc, July 11, 1955.

Cliff Langsdale and Gibson Langsdale for appellants.

*John E. Park* and *John H. Kreamer* for respondent; *Gage, Hillix, Moore & Park* of counsel.

252

*G. Carroll Stribling* and *Harold H. Thomas, Jr.*, amici curiae.

[832] WESTHUES, J.—Plaintiff filed this suit to enjoin the defendants from picketing plaintiff's place of business located in Kansas City, Missouri. The trial court issued the injunction and the defendants appealed.

The case was argued and submitted at the April Session in 1954 in Division II of this court. An opinion was adopted holding that the state courts did not have jurisdiction of the case and that jurisdiction was in the National Labor Relations Board. The case was transferred to the Court En Banc where it was reargued and submitted at the April Session, 1955. Since the case was transferred, the United States Supreme Court decided the case of Weber v. Anheuser-Busch, Inc., 75 S. Ct. 480, which in our opinion sustains the ruling of no jurisdiction.

Plaintiff's business consisted of transporting new cars and trucks for the Chevrolet Division of General Motors Corporation from its plant at Kansas City to various points in eight midwestern states. It employed about 175 drivers, 20 office and clerical workers, and a maintenance crew of about 25. The truck drivers were members of an A.F.L. union. The dispute in this case concerns the 25 employees making up the maintenance crew.

The defendants named in the petition are James Russell Stufflebeam and Verne McCullough, representatives and officers of Local Lodge No. 778 of the International Association of Machinists, and O. B. Enloe and Charles Tomity, members and officers of Local Lodge No. 552 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The two unions are affiliated with the A. F. of. L. [833] Plaintiff in its petition charged in substance that the defendants and others representing the two locals named as defendants called on the president and other officers of plaintiff corporation at various times during the year 1952 and requested that the plaintiff enter into a contract with the two unions designating them as the collective bargaining representatives for the employees of plaintiff who made up the maintenance crew; that plaintiff through its officers refused to negotiate with the defendants for

the reason that a majority of the employees did not belong to defendant unions; that the contract which the defendants asked plaintiff to sign provided for a "union shop" meaning that if the contract were signed, all the maintenance employees would be required to join the named unions within 30 days or be discharged. It was alleged further that after, plaintiff refused to sign on the ground that defendants did not represent a majority of the employees, the defendants threatened to picket plaintiff's plant which would result in a complete "shut down" of the business because the union drivers would not cross the picket line. Plaintiff alleged that on August 14, 1952, the defendants again demanded that plaintiff sign the collective bargaining agreement and when plaintiff again refused on the ground that the two unions did not represent a majority of the employees, the defendants placed a picket at plaintiff's plant which resulted in a complete shut down of the business. The next day, August 15, 1952, a petition for a restraining order was filed and a temporary injunction was issued which was made permanent on February 26, 1953.

The object sought to be accomplished by the picketing of plaintiff's plant as stated in the petition was as follows: "The intent and purpose of this picketing is unlawfully to compel plaintiff to recognize said unions as the bargaining representatives of plaintiff's employees for the purpose of collective bargaining, unlawfully to compel plaintiff to sign a collective bargaining agreement with said defendant unions and unlawfully to compel plaintiff to coerce and force its employees to become members of said unions as a condition of continued employment with plaintiff. * * * Defendants likewise well knew that for plaintiff to recognize said unions as the labor organizations selected by a majority of plaintiff's employees, when in fact and in truth a majority of said employees have not selected said unions as its exclusive bargaining agent, would be contrary to law and would be compelling plaintiff to commit an unlawful act in that it would unlawfully interfere with said employees' rights to freely designate and select a labor organization of their own choosing as guaranteed them under Section 29, Article I, Missouri Constitution, and by Section 7, National Labor Relations Act, as amended."

The trial court made the following findings based on the evidence produced by both plaintiff and defendants:

"7. Plaintiff has not objected to and presently has no objections to any of its employees voluntarily joining either of the defendant's unions.

"11. Plaintiff did not then nor does it now have a dispute of any character with any of its maintenance employees in regard to wages, hours, or other conditions of employment nor has it at any time had any contractual or bargaining relationship with either of the defendants' unions.

"13. The picketing was at all times conducted in an orderly and peaceful manner and continued until temporarily restrained on the morning of August 15, 1952.

"20. The picketing conducted by the defendants herein was conducted for the purpose of intimidating or coercing plaintiff, by causing it substantial business losses, to compel, influence or require its employees to become members of either or both of said defendants' unions and to recognize the defendants as the bargaining representative of its maintenance employees. The picketing was carried beyond the field of persuasion for organizational purposes."

[834] At the time this case was tried in the circuit court, cases of this nature were considered within the jurisdiction of state courts. It was held that picketing which was unlawful under state laws could be enjoined in a state court. However, the Supreme Court of the United States, in the case of Garner v. Teamsters, Chauffeurs, and Helpers, Local Union No. 776, 346 U. S. 485, 74 S. Ct. 161, held that any picketing which constituted an unfair labor practice as defined in the Labor Management Relations Act came within the exclusive jurisdiction of the National Labor Relations Board. The court stated that state courts have jurisdiction of cases where " 'local matters as public safety and order and the use of streets and highways' " are involved. See 74 S. Ct. l.c. 164 (2, 3). After the Garner case was published, this court decided the case of Anheuser-Busch, Inc. v. Weber, 364 Mo. 573, 265 S. W. (2d) 325. It was held that the state court had jurisdiction because the picketing was unlawful in that its purpose was to coerce the employees to violate the anti-trust laws of Missouri. See 265 S. W. (2d) l.c. 330, 331 (1) (2). However, on certiorari, the Supreme Court of the United States in Weber v. Anheuser-Busch, Inc., 75 S. Ct. 480, held that the state court did not have jurisdiction. One of the reasons assigned for holding the state court had no jurisdiction was that the plaintiff seeking the injunction alleged in the petition that the conduct of the union sought to be enjoined was a violation of the federal Act. Note what the court said, 75 S. Ct. l.c. 486(5) : "Respondent itself alleged that the union conduct it was seeking to stop came within the prohibitions of the federal Act, and yet it disregarded the Board and obtained relief from a state court. It is perfectly clear that had respondent gone first to a federal court instead of the state court, the federal court would have declined jurisdiction, at least as to the unfair labor practices, on the ground that exclusive primary jurisdiction was in the Board. As pointed out in the Garner case, 346 U.S. at page 491, 74 S. Ct. 161, the same considerations apply to the state courts." See also Capital Service, Inc. v. National Labor Relations Board, 347 U.S. 501, 74 S. Ct. 699.

It is apparent that under the rulings of the Garner, Weber, and Capital Services cases, decided by the Supreme Court of the United

States, the state courts do not have jurisdiction of this case. Plaintiff in this case, as the plaintiff in Weber v. Anheuser-Busch, Inc., supra, alleged that the conduct of the defendants was a violation of the National Labor Relations Act. Since we do not have jurisdiction, we shall not pass upon the question of whether the evidence sustained the charge in the petition that the conduct of the defendants violated the provisions of the National Labor Relations Act. Neither shall we determine whether the trial court held that the Act had been violated.

It follows that the judgment of the trial court must be reversed on the sole ground that the state courts do not have jurisdiction of the case. The trial court is, therefore, directed to dismiss plaintiff's petition without prejudice. It is so ordered. All concur.