Harold M. JONES and Marguerite M. Lockwood, a Copartnership, d/b/a Model Bakery, Plaintiffs-Appellants,

v.

Earl M. TROTTER, Roy McDaniels, George Evans, Gene Long, Merton Niles, and American Bakery and Confectionery Workers International Union, Local Union No. 235, A.F.L.-C.I.O., Defendants-Respondents.

No. 47014.

Supreme Court of Missouri, Division No. 2.

Sept. 14, 1959.

David V. Bear, Robert Hines, Sapp & Bear, Columbia, for appellants.

Boyle G. Clark, Columbia, for respondents.

BARRETT, Commissioner.

Marguerite M. Lockwood and her son-in-law, Harold M. Jones, are partners and operate the Model Bakery in Columbia. They are the plaintiffs and appellants in this action to permanently enjoin the defendants from picketing their place of business. The respondents are three or four of the plaintiffs' former employees, some of whom are members of the union, the business representative of the union and the American Bakery and Confectionery Workers Union, Local 235. After a full hearing the trial court entered a general judgment denying the claim and prayer for a permanent injunction and the plaintiffs have appealed to this court.

This is the appellants' unbriefed jurisdictional statement: "That the action is one for an injunction to prohibit defendants from peacefully picketing plaintiffs' place of business for the purpose of forcing plaintiffs to sign a union shop collective bargaining contract and hence involves a construction of Article I, Section 29 of the Constitution of Missouri, 1945 [V.A.M.S.], and the Fourteenth Amendment of the Constitution of the United States." In the circumstances of this record the statement is inadequate even though a technical compliance with Rule 1.08. See note and illustrative comment to amended Rule 1.08, 42 V.A. M.S. supp., p. 4, and Jameson v. Fox, 364 Mo. 237, 260 S.W.2d 507, 58 A.L.R.2d 80. The court, nevertheless, has read and considered the record for the sole purpose of determining whether for any reason this court has jurisdiction of the appeal. In two if not more cases, American Hotel Co. of Mo. v. Bartenders' International League of America, Mo., 297 S.W.2d 411 and Bellerive Country Club v. McVey, 365 Mo. 477, 284 S.W.2d 492, this court has retained, unchallenged, jurisdiction in similar circumstances on the theory, apparently, that they involved the "construction" (Const.Mo., Art. 5, Sec. 3) of that clause of the constitution which guarantees to employees "the right to organize and to bargain collectively through representatives of their own choosing." Const.Mo., Art. 1 Sec. 29. Notwithstanding, in the precise circumstances of this record and for the reasons to be noted, it plainly appears that this appeal does not involve the construction of section 29, article 1, of our constitution or the Fourteenth Amendment to the Constitution of the United States and, therefore, jurisdiction of this appeal is properly in the Kansas City Court of Appeals. Const.Mo., Art. 5, Secs. 1, 4, 11, 13.

For the purposes of discrimination and by illustration to precisely point up the problem presented here certain distinguishing circumstances should be briefly noted. In the first place, the injunction was denied, the defendants (the union and its members) were not "aggrieved by any judgment" (V.A.M.S., Sec. 512.020) and of course did not appeal and we are not directly concerned with whether their rights to organize and collectively bargain have been infringed. In the cases in which injunctions have been granted and unions have appealed jurisdiction has properly been in this court because the appellants have asserted that their right to freedom of speech had been infringed and due process had been denied under both the state and feder-

al constitutions. Heath v. Motion Picture Machine Operators Union No. 170, 365 Mo. 934, 290 S.W.2d 152; Katz Drug Co. v. Kavner, Mo., 249 S.W.2d 166. Here the decree was in favor of the defendants and as to them due process is not a live question. Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112. In Quinn v. Buchanan, Mo., 298 S.W.2d 413, the appellant union members claimed in excess of $30,000 damages on the theory that the defendant had invaded or violated their right to organize and collectively bargain. In City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539, both parties appealed and the question for decision was whether under section 29 the municipality, owning a public utility, could collectively bargain with its employees. This case is a classic illustration of an appeal's directly involving the construction as well as the application of section 29, article 1, of the constitution. Subsequently, in a suit between the same parties, Glidewell v. Hughey, Mo., 314 S.W. 2d 749, the appeal involved, in addition to section 29, the constitutionality of the King-Thompson Act and, of course, jurisdiction of the cause was in this court. The appellants do not challenge the defendants' abstractly declared right to organize or to collectively bargain, they claim that the defendants do not represent their employees and that what they have done is contrary to public policy and unlawful. The Model Bakery is not engaged in interstate commerce and we are not concerned with whether the case involves the construction of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., or the National Labor Management Act, 29 U.S.C.A. § 141 et seq. and whether that fact, in addition to a claim of unlawful union conduct, has anything to do with this court's appellate jurisdiction. Compare: Swift & Co. v. Doe, Mo., 311 S.W.2d 15, and Graybar Electric Co. v. Automotive, Petroleum & Allied Industries Employees Union Local 618, 365 Mo. 753, 287 S.W.2d 794; Jack Cooper Transport Co. v. Stufflebeam, 365 Mo. 250, 280 S.W.2d 832; Fred Wolferman, Inc.,

v. Root, 356 Mo. 976, 204 S.W.2d 733, 174 A.L.R. 585.

In the plaintiffs' petition there is no specific invocation of any constitutional right, the identity and relationship of the parties are set forth, the defendants' demand that the plaintiffs sign a union contract is alleged and the fact of the picketing is set forth, all of which is said to be unlawful. In general, the prayer for relief is for $1,000 damages and that the defendants be enjoined from entering or obstructing the entrance to the plaintiffs' place of business and particularly that they be enjoined from picketing and from threatening or coercing plaintiffs' employees. In their motion for a new trial there are, among others, these wholly uninformative and inadequate assignments: "1. Because the court did not follow the existing case law, the Statutes or the Constitution of the State of Missouri and the judgment of the court is against the law. * * * 3. Because the judgment of the court is a violation of the Constitution of the State of Missouri and the Constitution of the United States." Their brief is directed to the proposition that the trial court erred in denying the plaintiffs a permanent injunction "because the picketing of plaintiffs' business, though peaceful, had an unlawful purpose in that defendants were attempting to force plaintiffs to sign a union shop collective bargaining contract whereby the union would become the bargaining representative for all of plaintiffs' employees, when a majority of plaintiffs' employees were not members of the union and did not desire to join the union." It is asserted that these objectives and purposes are unlawful and "in violation of the right of free choice to select a collective bargaining representative as guaranteed by Article I, Section 29, of the Missouri Constitution."

But, as noted, the union and its defendant members have not appealed, and no employees, including Harold's wife, have joined the plaintiffs in this suit, consequently there are no aggrieved employees seeking

to protect or enforce any rights, constitutional or otherwise, guaranteed to them. Compare: Quinn v. Buchanan, supra, and Pfitzinger Mortuary, Inc., v. Dill, Mo., 319 S.W.2d 575. Aside from the general inadequacy of the appellants' attempt to invoke and present for this court's adjudication a constitutional question (State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669), there is in fact no claim here that any protectible constitutional right has been infringed or invaded and the facts do not present a case necessarily involving the construction of any particular constitutional provision. Communications Workers of America Local No. 6325 v. Brown, Mo., 247 S.W.2d 815. Compare: Barber v. Time, Inc., 348 Mo. 1199, 159 S.W.2d 291. As employers the appellants have not invoked the due process clauses of either the state or federal constitutions and upon this record no constitutional question has been decided adversely to them. Adams Dairy, Inc. v. Burke, Mo., 293 S.W.2d 281; Pfitzinger Mortuary, Inc., v. Dill, supra. In short, the theory of the plaintiffs' action, both in the trial of the case and here, is that under all the evidence adduced the defendants' conduct was unlawful and therefore subject to being enjoined. Both before and since the adoption of the 1945 constitution and the enactment of section 29, article 1, there being no other questions involved, (Hughes v. Kansas City Motion Picture Machine Operators, 282 Mo. 304, 221 S.W. 95), the courts of appeals have adjudicated similar controversies, some by transfer and some by original appeals. Swift & Co. v. Doe, supra; Kerkemeyer v. Midkiff, Mo.App., 281 S.W.2d 516; Junkins v. Local Union No. 6313, etc., Mo., 263 S.W.2d 337; Purcell v. Journeymen Barbers and Beauticians International Union of America, 234 Mo.App. 843, 133 S.W.2d 662; Church Shoe Co. v. Turner, 218 Mo.App. 516, 279 S.W. 232. For the purpose of conferring exclusive appellate jurisdiction on this court, the precise circumstances of this record do not involve the construction of the constitution and, accordingly, the cause is transferred to the Kansas City Court of Appeals.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.