ADAMS DAIRY COMPANY, a Corporation, Respondent,

v.

DAIRY EMPLOYEES UNION, LOCAL 207, OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, OF AMERICAN FEDERATION OF LABOR, Clifford A. Poteet, and Leo W. Baker, Appellants.

No. 47768.

Supreme Court of Missouri,

Division No. 2.

Oct. 10, 1960.

Motion to Modify Opinion Denied Nov. 14, 1960.

Joseph N. Miniace, Louis J. Pelofsky, Kansas City, for appellants.

Harvey Burrus, Independence, Charles V. Garnett, Kansas City, for respondent.

LEEDY, Presiding Judge.

Appeal by defendants from an adverse after-judgment order made and entered on their motion to vacate the final judgment in this cause, and to dismiss the action.

The relief sought by each of the parties in the original action was injunctive in nature: On the part of plaintiff, to restrain a threatened strike and picketing of its milk plant, and interference with, its business; and by defendants, under their cross bill, to enjoin plaintiff from violating a labor contract signed by the union and plaintiff, and for a mandatory injunction requiring plaintiff to reinstate those union members (six in number, as we understand it) affected by the change in plaintiff's method of milk distribution, which change gave rise to the whole controversy. Upon a trial the court found the issues in favor of plaintiff and against the defendants on both the petition and the cross bill, and, on April 4, 1951, entered the final judgment (now sought to be vacated) which permanently restrained and enjoined the defendants from calling the strike, picketing

the plant and interfering with plaintiff's business therein. Defendants appealed to this court where, on May 12, 1952, the judgment was in all things affirmed. 363 Mo. 182, 250 S.W.2d 481.

More than five years thereafter, to-wit, on Oct. 28, 1957, the defendants filed in the trial court a motion to vacate said judgment and dismiss the action, it being, for all practical purposes, a duplicate or counterpart of the one now before us. That motion was overruled on May 1, 1958, and defendants appealed to this court, timely filing their notice, transcript and brief. On the day regularly appointed for argument and submission of that appeal (Jan. 26, 1959) it was voluntarily dismissed by defendants.

Again returning to the trial court, defendants filed therein on Feb. 24, 1959, their present motion to vacate the judgment and dismiss the action, which assigns as reasons therefor the following:

"1. The continuance of the injunction is no longer warranted.

"(a) The injunction herein was entered in 1950, and the passage of time has deprived the picketing of its coercive influence.

"(b) The injunction no longer counteracts a continuing intimidation which was the basis for issuing the injunction.

"2. This court lacks jurisdiction of this cause, exclusive jurisdiction over the subject matter of this action having been vested in the National Labor Relations Board by the federal Congress in its enactment of the Labor-Management Relations Act of 1947, 36 [61] Stat. 136, 29 U.S.C.A., paragraph 141, pursuant to its powers under Article I, Section 8, and Article VI of the United States Constitution. For the further reason that

"(a) The subject matter of this complaint has been preempted by the federal Congress by its enactment of the Labor-Management Relations Act of 1947.

"(b) That this court has no jurisdiction over the subject matter and the assumption of jurisdiction by this court is contrary to and in conflict with the exclusive jurisdiction vested by said act in the National Labor Relations Board.

"This action is based on decisions of the United States Supreme Court and the United States Court of Appeals."

After a hearing, and upon the overruling of the foregoing motion, defendants appealed to this court, but subsequently filed their motion to transfer to the Kansas City Court of Appeals as the tribunal having exclusive appellate jurisdiction, the reasons assigned being that "the subject matter is not within the jurisdiction of this court," nor does any "amount in dispute" within the monetary jurisdiction of this court appear. It may be conceded that the case does not fall within our monetary jurisdiction. Defendants' assignment of this court's want of jurisdiction over the subject matter is directed to the proposition that there is no federal question (in the constitutional appellate jurisdiction sense) involved on this appeal, a matter as to which we also agree. In that connection it is to be said that this court would not be vested with appellate jurisdiction because of the presence of issues as to the applicability of the Labor Management Relations Act and whether the National Labor Relations Board had exclusive jurisdiction of the subject matter of the original action, this because neither the validity of federal statutes nor the validity of authority exercised under the laws of the United States would be involved, such being requisite to the presentation of a federal question under Art. V, § 3, Const. of Mo. 1945, V.A.M.S. Swift & Co. v. Doe, Mo., 311 S.W.2d 15.

If this were the appeal from the original judgment, and no ground of appellate jurisdiction appeared other than the two just mentioned, then we think the motion to transfer would lie, but that is not the present situation. As noted earlier,

defendants did appeal from the original judgment. That appeal was heard and determined by this court, exclusive appellate jurisdiction having properly attached because of the presence of constitutional issues. (Defendants attacked the validity of the injunction as being violative of certain provisions of both federal and state constitutions.) When affirmed, as it was, the judgment became this court's judgment—at least for some purposes. The issue on this appeal is whether such judgment (and thereby the injunction) is to be vacated. The method employed in seeking that relief constitutes a continuation of the same case, i. e., by motion filed therein. Having acquired appellate jurisdiction of the case on the first appeal, and the trial court's judgment having become this court's judgment by affirmance, thereby continuing the life of the proceeding, this court will retain that jurisdiction so long as the injunction remains in force, its exercise extending to and including the determination of post-appeal attacks upon that very judgment (when arising in the same case, as distinguished from a new or independent action), such as the one at bar. While of no legal significance, the fact is that if jurisdiction is not in this court, then the questions now sought to be presented cannot be determined under the transcript on appeal as filed herein because it fails to contain even the pleadings (or, for that matter, any part of the record or proceedings) whereon judgment was rendered in the main case. Some of the principal facts relied on as relevant to the questions presented are in very large part those appearing in the transcript on the original appeal, to which transcript appellants' statement of facts repeatedly gives page references, and none of which facts appear in the present transcript. (The latter would be the one transferred should the motion be sustained.) The contention that this court is not the proper tribunal to determine the instant appeal is disallowed, and the motion to transfer is overruled.

Plaintiff set up in the trial court, and urges here, a plea of res judicata, the basis of which is that the instant motion to vacate and dismiss tendered no issue other than those which were or which could have been tendered by the first motion, which first motion was, as we have seen, determined adversely to defendants, who appealed therefrom and subsequently dismissed their appeal. It may be that the plea is good, but we do not pause to determine it because we prefer that our decision rest on the merits.

■ By referring to the motion to vacate, it will be noted that the grounds thereof fall into two distinct categories. Those in paragraph numbered "1" are consistent with the idea that the court had jurisdiction of the subject matter of the action for injunction, whereas those set forth in paragraph numbered "2" are contra; the former are directed to the discretion of the court, the latter raising a question of law, as to which the court has no discretion. We consider these grounds in the inverse order of their statement.

■■ The gist of the second contention is that the court had not jurisdiction over the subject matter in the principal case for the reason that its jurisdiction had been preempted by the authority vested in the National Labor Relations Board under the Labor Management Relations Act of 1947 (Taft-Hartley), amending the National Labor Relations Act of 1935, 29 U.S.C.A., § 151 et seq., citing Garner v. Teamsters, Chauffeurs and Helpers Local Union, 346 U.S. 485, 74 S.Ct. 161, 165–171, 98 L.Ed. 228; Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546; National Electric Service Corporation v. District 50, Mine Workers, Ky., 279 S.W.2d 808, 36 L.R.R.M. 2184; Building Trades Council v. Kinard Construction Co., 346 U.S. 933, 74 S.Ct. 373, 98 L.Ed. 423; 258 Ala. 500, 64 So.2d 400; General Drivers Warehousemen and Helpers, Local Union No. 89 v. American Tobacco Co., 348 U.S.

813, 75 S.Ct. 47, 99 L.Ed. 642; Ky., 264 S.W.2d 250, 35 L.R.R.M. 2709; Amalgamated Clothing Workers of America v. Richman Brothers, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600; Grimes & Hauer Inc. v. Pollock, 163 Ohio St. 372, 127 N.E.2d 203, 36 L.R.R.M. 2180; Amalgamated Meat Cutters and Butcher Workmen of North America Local Union No. 576 v. Johnson, 178 Kan. 405, 286 P.2d 182, 36 L.R.R.M. 2511. The foregoing authorities also support the proposition that jurisdiction of the National Labor Relations Board arises only when the employer is engaged in interstate commerce or its business is such as to substantially affect interstate commerce. There was no claim made in the principal case that the plaintiff employer was so engaged or that its business substantially affected interstate commerce. The day before the hearing on the present motion to vacate, the defendants filed two affidavits on which they now rely principally as showing the interstate nature of plaintiff's business. Assuming that the fact could be established in that manner (a question on which we express no opinion), the affidavits are patently insufficient for that purpose because it does not appear that the facts as stated therein existed at the time the original injunction was granted in 1951. One affidavit disclosed that at the time it was signed in July 1959, quantities of milk were being delivered to Adams Dairy Company from Kansas, and that affiant's organization delivered to the Adams distributors 25,000 pounds of milk daily, but, as stated, there is nothing to show that such was the practice in 1951. The other affidavit was by a former employee who was employed during the period from November 5, 1956, to September 25, 1958. In her affidavit she detailed the manner by which the records of sales of certain stores were kept, including stores in Johnson County, Kansas. The affidavit does not purport to relate to conditions at the time the original injunction was issued, nor, for aught that appears, did she have knowledge thereof.

On the question of plaintiff being engaged in interstate commerce, defendants also refer to (but do not develop) fragmentary bits of evidence said to be contained in the transcript on the original appeal in this case, but none of which appear to have been relied on or called to the attention of the trial court at the hearing on the instant motion to vacate. For example, defendants' brief says in this connection that a certain employee of the dairy made the following statement on cross-examination, "I go to Fairway, Prairie Village and Missouri." The significance of this statement is not apparent, nor is it attempted to be explained. The other fragments above referred to are similarly cryptic and inconclusive, and for that reason we do not deem it necessary to reproduce them. Upon the record before us we think it cannot be said that defendants have discharged their burden of showing that at the time of the rendition of the injunction plaintiff's business was interstate in nature, or that it substantially affected interstate commerce.

Even if it be assumed that there was evidence from which the interstate nature of plaintiff's business appeared, there is another reason why the trial court's jurisdiction was not preempted by the federal act, and that is because the subject matter of the action did not involve a labor dispute within the meaning of that act. On the original appeal the nonexistence of a labor dispute was determined. In that situation, and on the authority of Adams Dairy, Inc. v. Burke, Mo., 293 S.W.2d 281, it must be held that the court's jurisdiction over the subject matter was not impeached.

On the other aspect of the motion, no change of circumstances has been pointed out as indicating that the injunction is no longer warranted other than the mere

unsubstantiated and unproven assertion that "the driver salesmen whose conduct was complained of [for having ceased to be employees upon becoming independent contractors in the distribution of milk from the plant] no longer occupy such relationship to the Adams Dairy Company and there has never been any violence or threats of violence by the defendants herein." The restraint placed upon defendants was against taking the threatened action "upon any ground of any alleged labor dispute based upon the employment or termination of employment of those men formerly employed by plaintiff as wholesale salesmen * * *." No oral testimony was offered in support of the motion. When defendants' counsel made the statement, "As those men, former employees of Adams Dairy and who later became so-called independent contractors, are no longer with Adams Dairy, or working for Adams, or even independent contractors for Adams," plaintiff's counsel challenged it, stating specifically, "I do not agree to that * *." Meanwhile the court had opined, "That is all the more reason why the court shouldn't set aside this injunction." The court also stated that judicial notice would be taken of the fact that defendants "have not been before the court for violating the injunction since the permanent injunction was signed." And it was stated by defendants' counsel that there was then [at the time of the hearing on the motion] no labor dispute between the parties, and that a new contract had been executed by them that week. This is all the record of the hearing reflects on this phase of the motion, and upon it we think the court was justified in disallowing the discretionary grounds of the motion because of want of sufficient factual support therefor. Judgment affirmed.

EAGER and STORCKMAN, JJ., and BROADDUS, Special Judge, concur.