Robert L. NARENS, Appellant,

v.

CAMPBELL SIXTY-SIX EXPRESS, INC.,
Respondent.

No. 48400.

Supreme Court of Missouri,

Division No. 2.

June 12, 1961.

Morris B. Kessler, St. Louis, for plaintiff-appellant.

William C. Dannevik, Jr., Springfield, for defendant-respondent.

BARRETT, Commissioner.

The plaintiff, Robert L. Narens, formerly employed by the defendant, Campbell Sixty-Six Express, as a truck driver, instituted this action to recover $17,500 actual and punitive damages for his alleged wrongful discharge. Upon defendant's motion alleging (1) that the court lacked jurisdiction over the subject matter of the suit and (2) that the petition failed to state a cause of action upon which relief could be granted, the trial court dismissed the action with prejudice and the plaintiff appeals.

 Other than in the particular respect subsequently noted, the plaintiff's petition is substantially identical with the one set forth in Williams v. Kansas City Public Service Co., Mo., 294 S.W.2d 36, 39, and therefore need not be set forth and an-

alyzed in detail in this opinion. The parties, particularly the plaintiff's employment as a truck driver, were subject to the terms and conditions of a collective bargaining agreement between Teamsters Union, Local 600 and the defendant, Campbell Sixty-Six Express. In his petition the plaintiff alleges, in substance, that in August 1958 there was a hearing before a "Joint Local Area Committee," allegedly in compliance with the union contract, in which the defendant's action in discharging the plaintiff "was made permanent" despite the fact that he was not afforded due process of law. It is said that he was not accorded due process in that, one, he was not represented by counsel, two, the hearing and decision "was based on false, extrinsic, incompetent, and immaterial matters and charges," and, three, that "no proof was made of any of the basis of discharge as contained in said contract." The petition says that the charges against the plaintiff were false, that the committee was improperly constituted, that he had exhausted his administrative remedies, that his discharge was intentional and wrongful and in violation of the contract and entitled him to actual and punitive damages.

As indicated, in Williams v. Kansas City Public Service Co., supra, it was held that substantially similar allegations in a petition did not "state a claim upon which relief can be granted." Sup.Ct.Rule 55.33, V.A.M.R. It is not necessary to consider the rationale of that opinion, it is sufficient to note that the court said in part:

"Plaintiff has alleged the existence of a contract between the defendant and a labor union to which it is generally stated plaintiff's employment was subject, but he does not allege the terms thereof pertaining to his employment or the circumstances under which his relationship to defendant as employee may or may not be terminated, and he does not allege facts from which it can be reasonably in-

ferred that the discharge of plaintiff was in violation of that contract."

As to the hearing before the committee the court said:

"The discharge may have been authorized by the contract, and if so, the discharge does not subsequently become a violation of the contract because the administrative procedure for review provided for in the contract was not performed in a proper manner."

In connection with the petition's stating a claim upon which relief can be granted, there is also an allegation that the defendant's actual purpose in discharging plaintiff was that he had sought benefits due him under the Workmen's Compensation Act and that a discharge for this reason was a misdemeanor under the compensation law, Section 287.780 RSMo 1959, V.A.M.S., and a violation of the contract. Again it is not necessary to consider the rationale of the case, but in Christy v. Petrus, Mo., 295 S.W.2d 122, it was held that an employer's alleged violation of this particular section of the compensation law did not state a claim upon which relief could be granted.

But in addition to these noted allegations, this petition also contains in paragraph 3(d) this allegation: "That the discharge or suspension of plaintiff by defendant was in violation of all the provisions of the Central States Area Local Cartage Agreement and in particular in violation of Article X thereof, in that the discharge was without just cause; was without warning notice in writing within nine (9) months prior to discharge; was not for dishonesty or drunkenness or recklessness resulting in serious accident while on duty or the carrying of unauthorized passengers while on the job; and that the discharge was based upon false, extrinsic, incompetent, immaterial and irrelevant grounds and that defendant knew that the grounds given by it for plaintiff's discharge were false and in

violation of the contract." In Marranzano v. Riggs Nat. Bank of Washington, D. C., 87 U.S.App.D.C. 195, 184 F.2d 349, 351, it was held that allegations somewhat similar to these did not state a cause of action. In that case it was said that to state a cause of action it was necessary for the plaintiff "to allege facts showing a breach of the agreement by the employer in discharging her. The complaint is wholly lacking in that respect. Its only averment of fact concerning the discharge is that it occurred 'without any prior notice by the defendants.' The appellant did not allege facts showing either (a) that the employers' reason for releasing her, which she could have learned if she did not know what it was, was not 'good and sufficient,' or (b) that she was entitled to notice prior to discharge, which the contract does not require in all cases."

■■ The opinion in that case is quite persuasive, and yet there are some distinguishing factors. The plaintiff in that case evidently pleaded the union contract at length or attached it as an exhibit (as the plaintiff could have pleaded the contract in this case) because the court, as to her allegation of notice and discharge, quoted the contract against her. In this case the plaintiff has not attached the contract as an exhibit, neither has he pleaded it "at length," instead he has pleaded the instrument "according to legal effect." Sup. Ct.Rule 55.24. There was no motion for a more definite statement (Sup.Ct.Rule 55.34) or any other effort to make the contract a part of the pleading. While our code provision requiring a "claim for relief" to contain "a short and plain statement of the facts showing that the pleader is entitled to relief" (Sup.Ct.Rule 55.06) was fashioned after the federal rule, we are also admonished that "All pleadings shall be so construed as to do substantial justice." Sup.Ct.Rule 55.26. Since the contract is not pleaded at length or attached as an exhibit, its legal effect may not be confidently declared as a matter of law. The pleading here negatives by enumeration the causes for which the defendant could have discharged him under the terms of the contract, drunkenness etc., and affirmatively states that he was discharged in violation of Article X "in that the discharge was without just cause; was without warning notice in writing within nine (9) months prior to discharge." This is not to say what, if anything, the plaintiff would be entitled to recover, but in these circumstances, alleged to be under the contract, if he has been discharged without notice or cause, there has been a breach of the contract and in this respect the petition states facts "showing that the pleader is entitled to relief." Lyons v. St. Joseph Belt Railway Co., 232 Mo.App. 575, 84 S. W.2d 933; Leick v. Missouri Plating Co., 240 Mo.App. 565, 211 S.W.2d 77; 56 C.J. S. Master and Servant § 32(b) (2) (c), p. 418; 35 Am.Jur., Sec. 27, p. 463; annotations 35 A.L.R. 893; 126 A.L.R. 1110. True, the plaintiff relies on a labor union contract but he relies on a provision for his individual benefit and its breach in his wrongful discharge. In these circumstances it has become the general rule that "a member of the contracting union, has a standing to enforce a collective labor agreement made between the union and his employer, in so far as it embodies rights inserted for his benefit," including his wrongful discharge. Annotation 18 A.L.R.2d 352, 357, 361; Marranzano v. Riggs Nat. Bank of Washington, D.C., supra; Wilson v. St. Louis-S. F. Ry. Co., 362 Mo. 1168, 247 S.W.2d 644; 3 Mo.L.R. 252.

As a matter of fact, whether the petition stated a cause of action for breach of contract was but a subsidiary factor in the trial court. It was the theory of the defendant, adopted by the trial court, that the state court did not have jurisdiction of this controversy because, as the defendant argues here, (a) "A cause of action alleging a violation of a collective bargaining agreement in an industry affecting interstate commerce cannot be maintained in a state court," and (b) "The Federal Government has preempted the field of labor relations

in industries affecting commerce by enactment of the Labor Management Relations Act of 1947 with amendments thereto [29 U.S.C.A. § 141 et seq.], thus determining the remedy it would provide, the way that relief should be sought, the extent to which it would be afforded and a means by which it should be effective." It is not necessary in the particular circumstances of this case to analyze the defendant's argument in support of these propositions, it is sufficient to peremptorily say that there is a "penumbral area" (Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546) that has not been pre-empted and this case plainly falls in that area. The mere fact that the contract is a collective bargaining agreement negotiated by a labor union with an employer engaged in interstate commerce is not determinative of the state court's jurisdiction, "employees have always been able to enforce their individual rights in the state courts." Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 500, 99 L.Ed. 510. Analysis of this petition is not necessary to demonstrate that it does not concern a labor dispute (Adams Dairy Co. v. Dairy Employees Union, Local 207, Mo., 339 S.W. 2d 811; Lodge No. 12, etc. v. Cameron Iron Works, 5 Cir., 257 F.2d 467), or that it does not necessarily allege an unfair labor practice, fields that have been pre-empted and over which state courts do not have jurisdiction. Cases in this category are Swift & Co. v. Doe, Mo.App., 315 S.W. 2d 465; Jack Cooper Transport Co., Inc. v. Stufflebeam, 365 Mo. 250, 280 S.W.2d 832; Local 24 of Intern. Broth. of Teamsters, etc. v. Oliver, 358 U.S. 283, 79 S.Ct. 297, 3 L.Ed.2d 312. "If, as we held in the Laburnum case [United Const. Workers, etc. v. Laburnum Const. Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025], certain state causes of action sounding in tort are not displaced simply because there may be an argumentative coincidence in the facts adducible in the tort action and a plausible proceeding before the National Labor Relations Board, *a state remedy for breach of contract also ought not be displaced by such evidentiary coincidence when the possibility of conflict with federal policy is similarly remote.*" (Italics supplied.) International Ass'n of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 925, 2 L.Ed.2d 1018; International Union, United Automobile, etc., Workers v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030. For a typical illustrative law review note on this subject see 33 St. John's L.R. 78.

Since, prima facie, the petition states a cause of action within the state court's jurisdiction the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.