## GREEN v. ELBERT et al.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

### No. 400.

JURISDICTION—DISBARMENT IN STATE COURTS.

A federal court has no jurisdiction of an action for damages for conspiracy to disbar an attorney from practice in state courts, his right to practice in federal courts not being affected thereby, though the disbarment was for statements made in a federal court.

In error to the Circuit Court of the United States for the District of Colorado.

Action by Thomas A. Green against Samuel H. Elbert and others for damages for conspiracy to cause plaintiff's disbarment. Action dismissed. Plaintiff appeals.

T. A. Green and J. M. Washburn, for plaintiff in error.

Frank C. Goudy, Joseph C. Helm, M. A. Rogers, and M. J. Stair, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. The plaintiff in error, Thomas A. Green, had been duly admitted to practice law in the courts of the state of Colorado, and afterwards, upon a proceeding instituted for that purpose in the supreme court of that state, that court disbarred him. He thereupon brought this action for damages in the circuit court of the United States for the district of Colorado against Samuel H. Elbert, Joseph C. Helm, and William E. Beck, judges of the supreme court who rendered the judgment of disbarment, and against Merrick A. Rogers, Lucius P. Marsh, and J. Jay Joslin, alleging that there was no cause for his disbarment, and that the judgment of disbarment was the result of a conspiracy among all the defendants to willfully, maliciously, and corruptly oppress and wrong him. The citizenship of the parties is not alleged, and a demurrer to the complaint for want of jurisdiction was sustained, and this ruling of the lower court is assigned for error. It is contended that the subject-matter of the action is such as to give the circuit court jurisdiction. This contention is rested on the alleged conspiracy, and on the fact that the proceeding in the supreme court of the state to disbar the plaintiff, and which resulted in the judgment of disbarment, was based on the contents of a bill in equity filed in the circuit court of the United States for the district of Colorado by the plaintiff as an attorney for the complainants in that suit. The judgment of disbarment in the state courts did not affect the right of the plaintiff to practice in the courts of the United States. The plaintiff derived his right to practice law in the state courts from the constitution and laws of the state, and not from the constitution and laws of the United States; and any invasion of this right through a conspiracy or otherwise was an invasion of his right as a citizen of the state, for which he must seek

redress in the state courts in the absence of the requisite diverse citizenship, which alone could give the federal court jurisdiction. The enforcement act of 1870 and the civil rights bill of 1875 have no application to the case. It would serve no useful purpose to set out these acts, and quote from the decisions of the supreme court construing them, and the constitutional provisions upon which they rest. It is sufficient to say that it is well settled that the provisions of the fourteenth amendment which prohibit a state from depriving any person of life, liberty, or property without due process of law, or from denying to any person within its jurisdiction the equal protection of the laws, add nothing to the rights of one citizen as against another, but are limitations upon the powers of the state, and guaranty immunity from state laws and state acts invading the privileges and rights specified in the amendment; that, while the government of the United States is, within the scope of its powers, supreme, it can neither grant nor secure to its citizens rights or privileges which are not expressly or by implication placed under its jurisdiction by the constitution of the United States; and that rights and privileges not so placed within its jurisdiction are left to the exclusive protection of the states. U. S. v. Reese, 92 U. S. 214, 217; U. S. v. Cruikshank, Id. 542, 1 Woods, 308, and Fed. Cas. No. 14,897; Strauder v. West Virginia, 100 U. S. 303; Ex parte Virginia, Id. 339; U. S. v. Harris, 106 U. S. 629, 1 Sup. Ct. 601; Civil Rights Cases, 109 U. S. 3, 3 Sup. Ct. 18; Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152; U. S. v. Waddell, 112 U. S. 76, 5 Sup. Ct. 35; Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. 617; U. S. v. Patrick, 54 Fed. 338.

A conspiracy to deprive a lawyer of his right to practice law in a state court is not a conspiracy to interfere with any right or privilege granted, secured, or protected by the constitution or laws of the United States. There is no act of congress conferring on the courts of the United States jurisdiction over a civil suit for damages resulting from such a conspiracy, and it would be beyond the constitutional competency of congress to pass such an act. It makes no difference that the judgment of disbarment in the state court was granted for what the plaintiff had said or done in the United States circuit court. The proceeding in the state court did not purport to interfere, and did not interfere, with the right of the plaintiff to practice law in the courts of the United States or with his prosecution of the case in which he made the allegations which were the groundwork of the proceedings for his disbarment in the state court. The judgment of the court below dismissing the complaint for want of jurisdiction is affirmed.