### MASON v. HITCHCOCK et al.
### No. 3477.

Circuit Court of Appeals, First Circuit.

Dec. 15, 1939.

William K. Mason, pro se.

Walter Powers, of Boston, Mass., for appellees.

Before WILSON and MAGRUDER, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

In this action of tort commenced in the federal District Court the plaintiff seeks to recover damages from the individual members of the Board of Bar Examiners of the Commonwealth of Massachusetts for the refusal of that Board to recommend him for admission to the Massachusetts Bar. The plaintiff took the written examination which is one of the prerequisites to the admission to that Bar and the Board of Examiners reported to the Supreme Judicial Court that he had failed to pass the examination and that his acquirements and qualifications did not appear to be sufficient to warrant his admission to practice.

The plaintiff in his declaration alleges that his answers to the questions in the

examination were substantially correct and sufficient to entitle him to admission to practice; that the refusal to recommend him was a wilful abuse of power, a violation of his constitutional rights in depriving him of property without due process of law, and the result of a conspiracy to so deprive him.

The defendants demurred and answered in abatement. The District Court sustained both and entered judgment for the defendant. The plaintiff comes before this court on his "substituted bill of exceptions", and his appeal.

The demurrer assigns as one general ground:

"1. The declaration does not state a cause of action over which this court has jurisdiction."

The district judge held:

"Since the declaration fails to state a cause of action cognizable in this court the demurrer is therefore sustained."

It is clear that neither the District Court nor this court has jurisdiction of the matters set forth in the complaint.

■ The plaintiff alleges in his declaration that his constitutional rights as an American citizen have been violated, and that his cause of action arises under Article III, Section 2, of the Constitution of the United States, U.S.C.A. He cannot, however, come into the District Court under the direct authority of the Constitution. Every federal court, other than the Supreme Court, derives its jurisdiction wholly from the authority of Congress. Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

■ The grant of jurisdiction under which the plaintiff claims his right to come into the District Court as a litigant is contained in the first sentence of 28 U.S. C. § 41(1), 28 U.S.C.A. § 41(1):

"The district courts shall have original jurisdiction as follows: First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects."

■ There is here no diversity of citizenship. There is no charge that the defendants have violated any law of the United States. The plaintiff apparently claims that the matter in controversy, involving damages of more than $3,000, arises under the Constitution and the laws of the United States in that his "property" (not specified) has been taken without due process of law contrary to the provisions of the Fourteenth Amendment. But the plaintiff is under a misapprehension as to the scope of that amendment. It is directed solely against action by a state. All its provisions have reference to state action exclusively and not to any action of private individuals. Davidow v. Lachman Bros. Inv. Co., 9 Cir., 76 F.2d 186, and cases cited.

Counsel for defendants have called our attention to two cases comparable to the one at bar, the decisions in which support their contention. Both actions were by disbarred attorneys to recover damages for alleged conspiracy resulting in their disbarment. Green v. Elbert, 8 Cir., 63 F. 308; Mitchell v. Greenough, 9 Cir., 100 F.2d 184.

The language in the Green case [63 F. 309] is pertinent here:

" * * * the provisions of the fourteenth amendment * * * add nothing to the rights of one citizen as against another, but are limitations upon the powers of the state, and guaranty immunity from state laws and state acts. * * * A conspiracy to deprive a lawyer of his right to practice law in a state court is not a conspiracy to interfere with any right or privilege granted, secured, or protected by the constitution or laws of the United States. There is no act of congress conferring on the courts of the United States jurisdiction over a civil suit for damages resulting from such a conspiracy, and it would be beyond the constitutional competency of congress to pass such an act."

This action cannot be considered other than one against individuals and the Fourteenth Amendment has no application.

■ The plaintiff argues that the defendants have waived the question of

jurisdiction by a general appearance and demurrer. The plaintiff has in mind jurisdiction over the person. Jurisdiction over the subject matter in the district court if not conferred by law cannot be created by the parties.

"Consent of the parties can never confer jurisdiction upon a federal court. Any jurisdictional fact prescribed by the statute is absolutely essential, and cannot be waived, and the want of it may be raised at any stage of the cause." U.S. Envelope Co. et al. v. Transo Paper Co. et al., D.C., 229 F. 576, 579; Chicago B. & Q. Ry. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521.

The question of jurisdiction being decisive there is no necessity of considering any other feature of the case.

The judgment of the District Court is vacated and the case is remanded to that court with direction to dismiss the cause for want of jurisdiction without costs.