**WILCOX v. HORAN.**

No. 3950.

United States Court of Appeals
Tenth Circuit.

Nov. 29, 1949.

Rehearing Denied Dec. 12, 1949.

Bentley M. McMullin, Denver, Colo., for appellant.

Bernard E. Engler, Denver, Colo. (Benjamin C. Hilliard, Jr., and Barkley L. Clanahan, Denver, Colo., on the brief), for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and RICE, District Judge.

RICE, District Judge.

This appeal is from the final order of the United States District Court for the District of Colorado discharging a writ of habeas corpus and denying petitioner any relief for lack of jurisdiction. Alleged jurisdiction is based upon 28 U.S.C.A. § 2241 [1] and the 14th Amendment to the Constitution of the United States.

Prior actions by one or the other of the interested parties had in the State courts of Colorado finally culminating in an original petition filed on behalf of Annie Bell Wilcox for a writ of habeas corpus in the Supreme Court of Colorado and the final order of the Supreme Court of Colorado furnish the background for the petition filed in the District Court. All pleadings and orders of all State court actions were made a part of the record in the trial court and here. The pleadings are voluminous, and much contained therein is not pertinent or helpful in this proceeding, but in order to reach a solution of the problem presented, we summarize, as briefly as necessity permits, the pertinent facts.

Annie Bell Wilcox, who appears by James C. Wilcox her son, is also the mother of Josephine Horan, the appellee. All three are citizens and residents of the State of Colorado. The mother is now 84 years of age. Approximately 2 years ago she inherited some $23,400 from a son who had met an accidental death. Before the money was distributed in the process of the administration of the deceased son's estate, James C. Wilcox filed a petition in the County Court of the City and County of Denver, Colorado, for the purpose of having his mother adjudged to be an incompetent. In conformity with the Colorado law, Colorado Statutes, c. 105, Secs. 3 and 6, the Lunacy Commission found "that the said Annie Bell Wilcox is not dangerously insane nor mentally defective, but is, by reason of old age, disease, weakness of mind, feebleness of mind, or from senile dementia, incapable, unassisted, to properly manage and care for herself, or her property", and the court committed her to Mrs. Josephine Horan. By an agreement subsequently entered into between the son and daughter and others, subject to the approval of the county court, among other things, it was expressly provided that

1. Pertinent parts of which are as follows:
   "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. * * *

"(c) The writ of habeas corpus shall not extend to a prisoner unless * * *
"(3) He is in custody in violation of the Constitution or laws or treaties of the United States".

the mother should remain in the custody of the daughter until further order of the court, and that the Colorado National Bank of Denver, Colorado, should be the conservator of her estate. The agreement provided that the mother should have the privilege of visiting the son. The county court approved the agreement.

Trouble soon arose between the daughter and the son concerning when, how long, and under what circumstances the mother might be with the son. Speculation as to the basic cause of the trouble would not aid materially in the solution of our present problem. At any rate, further proceedings were had in the county court looking toward a practical solution of the children's rivalry without much success for the son. Efforts to appeal proved abortive. The son finally secured an ex parte temporary order from the District Court of Arapahoe County enjoining the daughter from interfering with the right of the mother to remain with him. Without appearing in the District Court of Arapahoe County, the daughter caused an original action in the nature of habeas corpus to be filed by her attorneys in the name of her mother and against the son in the Supreme Court of Colorado. The son filed a response rather lengthily setting up the actions theretofore had in the State courts and particularly in the District Court of Arapahoe County, and in which he denied that he was restraining the mother but alleged that she was in the Capitol Building though not in the courtroom free to come and go as she pleased. He further alleged that the orders of the county court committing the mother to the custody of the daughter were unlawful and in violation of the mother's constitutional rights. Without a hearing, the Supreme Court entered the following order: "The respondents having on this 14th day of May, 1949, in response to said writ of habeas corpus, produced the body of said Annie Bell Wilcox, and having disclaimed any and all restraint or right to custody or control over her person, the writ is discharged and the said Josephine Horan is authorized to resume custody of said Annie Bell Wilcox under the County Court order of July 16, 1947."

The son alleges there was an agreement between him and his sister not to take steps to enforce the order of the Supreme Court for 10 days, but that in violation of the agreement, the daughter sent an ambulance to his home and took the mother away. The Supreme Court of Colorado refused to vacate or change its order, and thereupon the instant action was filed by the son on behalf of the mother.

In the petition filed in the trial court the son charges that the mother is unlawfully imprisoned, detained, confined, and restrained of her liberty by the daughter at the daughter's home in Denver, and that the cause or pretext of such detention is a certain final judgment of the Supreme Court of the State of Colorado. He further alleges that the restraint and imprisonment are illegal being in violation of the Constitution of the United States of America, and, in particular, the 14th Amendment thereto, and that the mother "has by said final judgment been deprived of her liberty without due process of law, and that the equal protection of the laws of the State of Colorado has by said final judgment been denied to your petitioner".

■ The applicable provision of the 14th Amendment is as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

It is well settled that the protection offered by the 14th Amendment is only against the acts of states. It does not apply to acts of individuals. Before petitioner may proceed in the federal court, she must file a petition showing that she is deprived of her liberty by an act or acts of the State of Colorado. Snowden v. Hughes, 7 Cir., 132 F.2d 476, affirmed in Supreme Court, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; McShane v. Moldovan, 6 Cir., 172 F.2d 1016; Bottone v. Lindsley, 10 Cir., 170 F.2d 705; Mason v. Hitchcock, 1 Cir., 108 F.2d 134.

■ Petitioner, recognizing the foregoing rule of law, attempts to bring her-

self within the provision of said rule and relies upon the authorities above cited. She makes the ingenious and novel argument that the lunacy proceeding was a state action; that respondent is an officer, agent or representative of the State; that whether or not respondent acts without authority, she bases her claim to custody on the authority given her by the State of Colorado; and that she had no power to act except the power given her by the order of the Supreme Court of Colorado.

A mere statement of petitioner's contentions at once challenges the correctness of her position. An examination of the record clearly indicates that petitioner is not deprived of her liberty by the State of Colorado. A justifiable conclusion from the record is that if the son and daughter could reconcile their conflicting emotions concerning their aged mother, her difficulties would be solved. The lunacy proceeding was an action begun by the son, a citizen of Colorado, in the County Court of Denver County, Colorado. As a result of those proceedings, the daughter of the petitioner was designated custodian. She is an officer of the County Court and as such is at all times subject to the orders of the County Court. She may be removed by the County Court, and certainly the County Court has the authority and is the proper forum in which to correct any acts of the custodian in excess of the authority warranted under the law of Colorado. The assertion that a guardian or custodian of the person of an incompetent, appointed by a county court having jurisdiction of such matters, is an agent or representative of the state is not supported by any authority. While we very much doubt that respondent is a state officer as that term is ordinarily understood, we feel quite certain that her acts are not to be deemed "state action" within the contemplation of the 14th Amendment. Snowden v. Hughes, supra.

We cannot agree that respondent has no power to act except that given by the Supreme Court of Colorado. On the contrary, the Supreme Court of Colorado merely authorized her to resume custody of Annie Bell Wilcox under the County Court order of July 16, 1947.

This court is not presented with the question of whether or not petitioner has a remedy. The question is: Does she have that remedy in the federal courts? It is our conclusion that she does not have that remedy in the federal courts; that she is not deprived of her liberty by reason of state action within the meaning and protection of the 14th Amendment.

The Judgment of the trial court is affirmed.