**WATKINS v. OAKLAWN JOCKEY CLUB.**

No. 14104.

United States Court of Appeals
Eighth Circuit
July 19, 1950.

C. Floyd Huff, Jr., Hot Springs, Ark. (John H. Lookadoo, Arkadelphia, Ark., was with him on the brief) for appellant.

William J. Smith and William H. Donham, Little Rock, Ark. (R. J. (Julian) Glover, Hot Springs, Ark., was with them on the brief) for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an action for damages for the alleged malicious false arrest and false imprisonment of plaintiff by defendants pursuant to an alleged conspiracy, thus depriving plaintiff of his rights guaranteed under Section 1 of the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of the District Court is invoked under § 1343, Title 28 U.S.C.A., and §§ 41, 43 and 47(3), Title 8 U.S.C.A.

The gist of the complaint is that pursuant to a conspiracy of defendants plaintiff was on March 12 , 1949, unlawfully ejected from the racing grounds of defendant Jockey Club by defendants Brown and Fulton, acting both as agents and employees of the Jockey Club and as sheriff and deputy sheriff respectively; that such unlawful conduct constituted a false and malicious arrest and imprisonment depriving plaintiff of a liberty guaranteed to him under the Constitution of the United States, causing plaintiff great embarrassment and mental anguish and casting a stigma upon his reputation for which he demanded judgment for $25,000 actual and $25,000 punitive damages.

The case was tried to a jury. Defendants moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence, both of which motions were overruled. The jury failed to agree; the court declared a mistrial; and defendants acting under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moved for judgment in accordance with their motions for a directed verdict. The motion was sustained and the complaint dismissed on the ground that

there was no substantial evidence which would support a finding by the jury that defendants Brown and Fulton in ejecting plaintiff from the race track were acting under color of law. From the judgment of dismissal plaintiff appeals.

The only point presented on this appeal is the contention that the court erred in thus sustaining defendants' motion for judgment under Rule 50(b).

In ruling upon defendants' motion for judgment the trial court filed an opinion which included an analysis of the issues, findings of fact, and a comprehensive discussion of the applicable law The opinion is reported in 86 F.Supp. 1006.

The material evidentiary facts are not in dispute. Plaintiff is a white man and a member of the police force of Hot Springs, Arkansas. Defendant Oaklawn Jockey Club is an Arkansas corporation with its principal place of business at Hot Springs in Garland County, Arkansas, at which place it owns and operates a race track for racing horses. Defendant I. G. Brown is sheriff of Garland County and defendant Earl (Birdie) Fulton is his deputy.

Prior to the opening of the races in February and March, 1949, Sheriff Brown, and, through him, as agent for the Jockey Club, his deputy Fulton and certain policemen were employed and paid by the Jockey Club to police the race track during the meet. Brown instructed Fulton and the other employees that "Mr. Cella [manager of the Jockey Club] desired that the presence of certain individuals, including Mr. Watkins [the plaintiff], be removed from the race track or stopped at the gate and that if they did not leave the track * * * to * * * notify me and not to arrest them."

Plaintiff testified that on March 12, 1949, he went to the race track with two friends. He purchased admission tickets and walked through the gate when deputy sheriff Fulton took him by the arm and stopped him, saying "You can't come in here; I have had my orders not to let you on the track." After some friendly talk Fulton led Watkins over to the gate, and he went out. He had committed no offense. He objected to going, but there was no trouble, no resistance and no force was used.

It was stipulated that "Defendant I. G. Brown was the agent of the Oaklawn Jockey Club and ejected Plaintiff Jerry H. Watkins from the premises of the Oaklawn Jockey Club under his authority as such agent and upon instructions from the Defendant Oaklawn Jockey Club." Plaintiff's specific contention is that the evidence would support a finding that Brown and Fulton were acting both as agents of the Jockey Club and in their official capacity as sheriff and deputy sheriff of Garland County, Arkansas, and, therefore, under color of state law.

■ And there is no dispute in respect of the applicable law. Since jurisdiction of the federal court is based upon a federal statute and the parties are residents of the same state—Arkansas—federal law and not state law controls.

Section 1 of the Fourteenth Amendment to the Constitution declares: " * * * nor shall any State deprive any person of * * * liberty * * *, without due process of law; * * *." And section 5 provides: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article."

The applicable statute upon which jurisdiction of the federal court is based is found in 8 U.S.C.A. It reads:

"§ 43. Civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ It is well established that the protection provided by the Fourteenth Amendment to the Constitution is against the acts of the States only. It does not apply to the acts of individuals. In re Civil Rights

Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; Wilcox v. Horan, 10 Cir., 178 F.2d 162.

To establish his cause of action under § 43, supra, therefore, the burden was upon plaintiff to prove that defendants Brown and Fulton in ejecting him from the race track were acting under color of some statute of Arkansas and not merely as individuals or as agents only of the Jockey Club.

In United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368, the Supreme Court say: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." In Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1040 the Court say: "It is clear that under 'color' of law means under 'pretense' of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded."

In passing upon defendants' motion for judgment it was the duty of the court to determine only whether the evidence was sufficient to support a finding and verdict that defendants Brown and Fulton in ejecting plaintiff from the race track were acting in their official capacity, that is, under "color" of state law or as agents only of the Jockey Club.

In determining this question it was the duty of the court to consider the evidence in the light most favorable to plaintiff and if there be any substantial evidence which would support a verdict for plaintiff the defendants' motion should have been overruled. The Traders and General Insurance Company v. Powell, 8 Cir., 177 F.2d 660; Smails et al. v. O'Malley, Collector of Internal Revenue, 8 Cir., 127 F.2d 410.

Summarizing the evidence the court said: ". . . In effect, all the plaintiff has shown is the act itself, and neither the act nor the circumstances surrounding it are in any manner inconsistent with the explanation offered by defendants. Defendant Fulton did not tell the plaintiff that he was under arrest, merely stated to the plaintiff that he was to be ejected; Fulton did not use his gun in effecting the ejection; Fulton did not use excessive force, and in fact, used no actual force at all; Fulton did not take him to jail, and escorted him only to the gate; nor did defendant Fulton do anything that was in any way inconsistent with what any agent of the Oaklawn Jockey Club would have done when carrying out orders to eject a person from the premises. Under these facts and circumstances whatever evidentiary force the mere showing of the act, that is, the ejection by one who was in fact an officer, may have had in establishing the act as an official one is conclusively, and indeed, completely refuted."

The court might have added that officers Brown and Fulton in ejecting plaintiff from the race track were not performing any duty imposed upon them by the state of Arkansas. Screws v. United States, supra, 325 U.S. at pages 107-108, 65 S.Ct. 1031. Neither is there any evidence indicating that defendant officers made any "pretense" that they were acting under state law. They were paid for their services by the Jockey Club and not by the state. They were acting, therefore, only "in the ambit of their personal pursuits."

The court did not err in holding that there is no substantial evidence to support a finding that in ejecting plaintiff from the race track of the Jockey Club defendants Brown and Fulton were acting under color of law. On the contrary, the undisputed evidence as well as the stipulation of the parties showed that they were acting as agents of the Jockey Club only.

Affirmed.