Jack WILDER et al., Plaintiffs,

v.

Lloyd D. BRACE et al., Defendants.

Civ. No. 7–177.

United States District Court
D. Maine, S. D.
Oct. 30, 1963.

Leonard M. Nelson, Portland, Me., Martin Horwitz, Jonathan Lubell, New York City, for plaintiffs.

Fred C. Scribner, Jr., Donald W. Perkins, Portland, Me., Joseph P. Rooney, Ansel B. Chaplin, Boston, Mass., Charles P. Barnes, II, Portland, Me., Robert W. Meserve, Boston, Mass., William L. Kerr, Midland, Tex., for defendants.

GIGNOUX, District Judge.

This matter is before the Court upon plaintiffs' motion for partial summary judgment, Fed.R.Civ.P. 56(a), and defendants' motions to dismiss the action for failure of the complaint to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b) (6).[1] Defendants' motions to dismiss have been treated as motions for summary judgment, inasmuch as by affidavits and counteraffidavits the parties have presented matters outside the complaint which have not been excluded by the Court, Fed.R.Civ.P. 12 (b).

There is no dispute concerning the material facts, as disclosed by the pleadings and affidavits on file.

United States Smelting Mining and Refining Company is a Maine corporation owned by approximately 9,000 preferred and common stockholders. The Company owns assets in several states and in Canada, and its stock is listed on two national stock exchanges. Recently there has been an active and bitter proxy fight between two factions of stockholders for control of the affairs of the Company. This corporate warfare came to its most recent climax at the regular annual meeting of the stockholders convened on May 15, 1963.

On May 15, 1963, and at all other times pertinent to these proceedings, Article III of the By-laws of the Company provided for a Board of Directors of sixteen members composed of four classes of four directors each, one class to be elected each year to serve for a term of four years. And Article IV of the By-laws provided that in case of a vacancy on the Board of Directors, the directors remaining in office might elect a director to hold office for the unexpired portion of the term of such vacant directorship.[2] Pursuant to Article IV, four of the directors serving on May 15, 1963 had been elected by other directors: defendant Metcalfe in September, 1960 to fill a vacancy in the class of 1964; defendant

---

1. Defendant Turpin has also filed a separate motion for summary judgment in his favor, Fed.R.Civ.P. 56(b).

2. Article IV provides in pertinent part:
Article IV. Power of Directors.
* * * the board of directors shall have full power with respect to the following matters:
1. In case of the resignation of any director the remaining directors shall have power to accept said resignation, and in case of any vacancy existing in the board through death, resignation, disqualification, failure to elect or qualify, or any other cause whatsoever, the directors remaining in office, even though they be less than a quorum, may elect a director to hold office for the unexpired portion of the term of any directorship that shall be vacant, and until the election and qualification of a successor.

Brace in March, 1962 to fill another vacancy in the same class; and defendants Lewis and Kaveler in December, 1962 to fill vacancies in the class of 1966.

Prior to May 15, 1963, the scheduled date of the 1963 annual meeting, plaintiffs submitted an amendment to Article IV of the By-laws to be voted upon by the stockholders at that meeting. The proposed amendment, known as Proposal No. 5, was as follows:

"RESOLVED, that any vacancies on the Board of Directors may be filled by the other directors for a term to expire at the next succeeding Annual Meeting of Stockholders following such appointment: by amending Article IV, Subparagraph '1', as follows:

"1. In case of the resignation of any director, the remaining directors shall have power to accept said resignation, and in case of any vacancy existing in the board through death, resignation, disqualification, failure to elect or qualify, or any other cause whatsoever, the directors remaining in office, even though they be less than a quorum, may appoint a director to hold office for a term which shall expire at the next annual meeting of stockholders following such appointment. At said annual meeting, the stockholders shall vote for the election of a director to hold office during the unexpired portion of the term of any previously vacated directorship, as such term was originally fixed by the vote of the stockholders.

"The terms of any director heretofore appointed by the Board of Directors for terms scheduled to expire in 1964, 1965 and 1966 shall terminate at the annual stockholders' meeting scheduled to be held in May, 1963."

The effect of the amendment, if adopted, would be to limit the term of office of a director appointed by other directors to fill a vacancy on the Board, so as to expire at the next annual meeting of stockholders. It would also specifically terminate the terms of defendants Brace, Lewis, Kaveler and Metcalfe as of the May, 1963 annual meeting.

Plaintiffs and defendants took opposing positions as to the legality of Proposal No. 5, and as to the vote required for its adoption if it were legal. Plaintiffs contended that the affirmative vote of a majority of the stock represented at the meeting was sufficient to adopt the proposal. Defendants claimed that the proposal constituted an unlawful attempt to remove directors without cause, and that in any event the affirmative vote of 75% of the total outstanding stock of the Company was required for its adoption. When, after a complete reservation of rights by both groups, the proposal was submitted to a vote at the annual meeting, 60% of the stock represented, in person or by proxy, voted for its adoption. With continuing reservations of rights, an election was then held for the four directorships involved, so that in the event the proposed amendment were ultimately held to have been legally adopted and effective to create vacancies on the Board, the replacement directors would have already been determined. Plaintiffs Robinson, Michael, Horwitz and Rubin were nominated to replace defendants Brace, Lewis, Kaveler and Metcalfe, and the latter were nominated to continue in office for the terms for which they had been previously designated by the directors. Plaintiffs Robinson, Michael, Horwitz and Rubin received 59% of the votes cast.

The present action is one for a declaratory judgment brought pursuant to 28 U.S.C. § 2201. The complaint alleges that each of the plaintiffs is a duly elected director and also a stockholder of the defendant United States Smelting Mining and Refining Company, and that the action is brought by plaintiffs in their own behalf as such directors and stockholders, and also representatively on behalf of all other stockholders of the Company. The complaint further recites that each of the individual defendants is

presently, or has been [3], or claims to be a director of the Company. Plaintiffs contest the right of defendants Brace, Lewis, Kaveler and Metcalfe to continue to act as directors, asserting that the directorships of these defendants terminated at the May, 1963 annual meeting and that at the same meeting plaintiffs Robinson, Michael, Horwitz and Rubin were elected directors to fill the vacancies so created. The complaint seeks a declaration by this Court that the directorships of defendants Brace, Lewis, Kaveler and Metcalfe have been lawfully terminated and that plaintiffs Robinson, Michael, Horwitz and Rubin are directors of the Company. It also prays for appropriate injunctive relief and for an accounting.

Plaintiffs assert two grounds for the relief they seek in their complaint. The substance of plaintiffs' first claim for relief is that Article IV of the By-laws of the Company, as in effect on May 15, 1963, violates Maine statutory law because it authorizes the directors to fill a vacancy on the Board for a term extending beyond the next annual meeting of stockholders. Plaintiffs further contend that Article IV of the By-laws violates the Fourteenth Amendment of the United States Constitution because it unlawfully impairs the fundamental right of the stockholders of a corporation to elect its directors. The substance of plaintiffs' second claim for relief is that Proposal No. 5 was duly adopted and effective to terminate the directorships of defendants Brace, Lewis, Kaveler and Metcalfe, and that plaintiffs Robinson, Michael, Horwitz and Rubin were thereafter duly elected to fill the vacancies on the Board thus created. In the view of this Court, there is clearly no merit in either claim.

## I

The statutory provisions which are relevant to a consideration of plaintiffs' first claim for relief are Sections 32 and 23 of the Maine Corporation Law, Me.Rev. Stat.Ann. ch. 53, §§ 32 and 23 (Supp. 1961), which provide, in pertinent part, as follows:

"Sec. 32. * * * Corporations shall have a president, directors, clerk, treasurer and any other desirable officers. Such officers shall be chosen annually and shall continue in office until others are chosen and qualified in their stead. * * * nothing herein shall prohibit corporations from providing by their by-laws for the division of their directors into classes and their election for a longer term than 1 year."

"Sec. 23. * * * Corporations may, among other provisions, determine by their by-laws * * * by whom any and all officers, except president and directors, shall be elected; by whom vacancies in the board of directors or other offices may be filled; * * *."

The meaning of these statutes in their application to the present controversy seems plain. Section 32, while setting forth a general requirement that corporate officers, including directors, shall be chosen annually, expressly permits a corporation to provide by its by-laws for a classified board, pursuant to which a director may be elected for a term longer than one year. Section 23 permits a corporation by its by-laws to authorize the directors to fill a vacancy on the board. The only reasonable interpretation of the language used by the Legislature in Section 23 is that such a vacancy may be filled for the remainder of the term of the vacant directorship as fixed in accordance with Section 32. Since the proviso of Section 32 permitting classified boards with terms exceeding one year was enacted by the Maine Legislature four years prior to the enactment of the provision in Section 23

---

3. By a stipulation of dismissal pursuant to Fed.R.Civ.P. 41(a) (1), the action has been dismissed as to four of the original defendants, Frederick Ayer, George R. Brown, J. George Gange and R. N. Hunt, whose terms as directors concededly expired at the 1963 annual meeting and who were replaced as directors by plaintiffs Wilder, Knudsen, Brady and Jaffee.

permitting corporations to provide by their by-laws for the filling of vacancies on the board[4], there can be no valid doubt that the latter provision was intended to, and does, apply to vacancies on classified boards.

Plaintiffs' position seems to be that a by-law permitting the directors of a corporation to fill a vacancy on the board for a term extending beyond the next annual stockholders' meeting is in conflict with the requirement of Section 32 that all directors, other than those "elected" to classified boards, be chosen annually. They contend that the "filling" of a vacancy by directors does not constitute an "election," which contemplates action by the stockholders. The fallacy in plaintiffs' argument is that Section 32 deals with the terms of office of corporate officers, including directors. It does not purport to prescribe either the method by which directors shall be chosen initially or the manner in which vacancies in existing directorships shall be filled, both of which matters are specifically covered by Section 23. In final analysis, plaintiffs are asking the Court to read into Section 23 additional language which simply is not present in the statute as it now reads. Had the Maine Legislature intended to restrict the power of directors to fill a vacancy on the board to permit them to appoint a new director to serve only until the next annual meeting, it could have readily inserted appropriate language to this effect. See, e. g., Del. Code Ann. tit. 8, § 223 (1953); Fla.Stat. § 608.08 (1961), F.S.A.; compare Del. Code Ann. tit. 8, § 223 (Supp.1962). The short answer to plaintiffs' position is that the Legislature did not do so.

Plaintiffs argue strenuously that considerations of corporate democracy require the construction of Section 23 which they urge upon this Court. On the other hand, defendants contend that by authorizing classified boards the Maine Legislature has recognized the desirability of preserving continuity of management and that their interpretation of Section 23 is entirely consistent with such a concept because it assures that only those directorships the terms of which normally expire will be filled at any given annual meeting. These competing policy considerations can be of no proper concern to this Court. Plaintiffs have cited no principle or authority which would warrant this Court in rewriting Section 23 in the manner which they suggest.

Plaintiffs' further contention that Article IV of the By-laws violates the Fourteenth Amendment of the United States Constitution is patently untenable. In the first place, the complaint fails to allege any action by the state which constitutes a denial of due process. See Wall v. King, 206 F.2d 878 (1st Cir. 1953), cert. denied, 346 U.S. 915, 74 S. Ct. 275, 98 L.Ed. 411 (1953); Mason v. Hitchcock, 108 F.2d 134 (1st Cir. 1940). In the second place, the record here shows that the provision in Article IV authorizing the directors to fill a vacancy on the Board for the unexpired portion of the term of the vacant directorship has been a part of the By-laws of the Company since it was organized in 1906. The law is clear that by-laws which are in existence when stockholders purchase their stock become an integral part of the contract between the corporation and its stockholders. See 8 Fletcher, Private Corporations § 4198 (rev. and perm. ed. 1931). Therefore, plaintiffs acquired their stock subject to the provisions of Article IV and can have lost no property right. Plaintiffs have not called the Court's attention to any authority which might even suggest that a corporate by-law permitting directors to fill a vacancy on their board for the unexpired portion of a classified term is unreasonable, arbi-

---

4. The present language in Section 32 permitting classified boards was enacted by P.L.Me.1903, ch. 182, § 2, at 144. The present language in Section 23 authorizing Maine corporations to determine by their by-laws by whom vacancies in the board of directors or other offices may be filled was enacted by P.L.Me.1907, ch. 154, § 1, at 175.

trary, or in any other way constitutes a denial of due process.

■ With respect to plaintiffs' first claim for relief, the Court holds that Article IV of the By-laws of the Company, as in effect on May 15, 1963, is valid under Maine law and does not violate the Fourteenth Amendment of the United States Constitution.

## II

■ There is equally little merit in plaintiffs' second claim for relief, which is based upon their contention that the vote of a simple majority of the stock represented at the May, 1963 meeting was sufficient for the adoption of Proposal No. 5.

Article XXIII of the By-laws of the Company provides, in pertinent part:

"Article XXIII. Amendment of By-laws. Except as hereinafter provided, these by-laws may be altered, amended or rescinded at any regular or special meeting of the stockholders by a vote of a majority of the stock represented at said meeting, provided that in the call and notice for such meeting notice of such intended alteration, amendment or rescission is given; *and provided further that Article III of these by-laws with reference to the number and classification and terms of office of the directors shall not be amended, nor shall any change be made in the number of directors or classification or terms of office except upon vote of seventy-five per cent. of the total issued and outstanding capital stock of the corporation; * * *"* (Emphasis supplied.)

Proposal No. 5 seeks to amend Article IV of the By-laws to change the term of office of a director appointed by other directors to fill a vacancy on the Board, from a term equal in length to the balance of the term of the vacant directorship, to a term which would expire at the next annual meeting of stockholders. In addition, Proposal No. 5 would specifically shorten the terms of office of the defendants Brace, Lewis, Kaveler and Metcalfe

by providing that their terms terminated at the May, 1963 annual meeting, rather than at the expiration of the terms of the directors whose unexpired terms they were elected to fill.

It is thus clear that the applicable provision of Article XXIII of the By-laws is not the general provision authorizing by-law changes by a vote of a majority of the stock represented at a meeting, but the more stringent requirement that no change shall be made in the terms of office of the directors " * * * except upon vote of seventy-five per cent of the total issued and outstanding capital stock of the corporation * * *" Plaintiffs' argument that this 75% vote requirement applies only to amendments of Article III ignores the disjunctive clause in Article XXIII " * * * nor shall any change be made in the number of directors or classification or terms of office * * *" The court cannot agree that this language is totally redundant. Rather, it seems evident that the intent of the framers of By-law XXIII was to require an affirmative vote of 75% of the outstanding stock of the corporation for any change in the number, classification or terms of office of the directors, whether an attempt was made to effect such a change directly by a specific amendment of Article III or indirectly by amendment of any other by-law.

■ Plaintiffs' alternative contention that the 75% vote requirement of Article XXIII required only that votes representing 75% of the total outstanding stock be cast, the affirmative vote of a simple majority of the shares thus voting to control, is too absurd to require extended comment. Such a strained construction would require the Court to read into the actual wording of Article XXIII the words italicized in the following quote: " * * * except upon *a* vote *of a majority* of seventy-five per cent of the total issued and outstanding capital stock of the corporation * * *". Furthermore, if Article XXIII were to be read as plaintiffs contend, 37½% of the outstanding stock plus 1 share could adopt basic by-law changes which the draftsmen of Ar-

ticle XXIII obviously intended to require a substantial degree of unanimity. Plaintiffs have been unable to suggest any conceivable reason for the insertion of such an unlikely provision.

Since Proposal No. 5 received the affirmative vote of substantially less than 75% of the total issued and outstanding capital stock of the corporation, the Court holds that it failed of passage.[5]

Plaintiffs' motion for partial summary judgment is denied; defendants' motions to dismiss are granted; defendant Turpin's motion for summary judgment is granted; and the Clerk is directed to enter judgment dismissing the complaint, with costs.

It is so ordered.

---

5. In view of this conclusion, it is unnecessary to consider defendants' contention that Proposal No. 5 constituted an unlawful attempt to remove directors without cause, or other alternative defenses asserted by defendants to plaintiffs' second claim for relief.