**Dale HUSTON, William Green, Stanley Kushel, Richard McKee, Michael Shipp, Richard Landis, Charles Lorditch, Peter Papadolas, Robert Eland, James Herman, Melvin Davis, David Cropper, Timothy Cassel, Charles Clemens, Mike Peresolak, John Hegarty, Plaintiffs,**

v.

**Richard E. STAUFFER, Department of General Services and State Capitol Police, Defendants.**

Civ. A. No. 79–1081.

United States District Court, M. D. Pennsylvania.

Sept. 2, 1980.

P. Richard Wagner, Mancke & Lightman, Harrisburg, Pa., for plaintiffs.

Elisabeth S. Shuster, Deputy Atty. Gen., Pa. Dept. of Justice, Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

Plaintiffs filed a complaint on August 23, 1979, alleging that defendants had violated their Fourth Amendment right to be free from unreasonable search and seizure. Defendants denied the allegations that their conduct constituted an unreasonable search and seizure in their answer, which was filed on September 12, 1979. Several depositions were taken and the case was scheduled for trial during the October 1980, trial term. On July 15, 1980, both plaintiffs and defendants filed a motion for summary judgment, supported by briefs that were filed on July 25, 1980. This memorandum will address these motions for summary judgment.

In support of their motion for summary judgment, plaintiffs advance the following as facts:

1. That on January 18, 1978 at approximately 10:00 a.m., an unauthorized and warrantless search of plaintiffs' lockers was conducted under the direction of the defendants.[1]

2. That the lockers in question, although assigned to plaintiffs by the State Capitol Police (hereinafter Police), contained personal items of the plaintiffs and each plaintiff had an expectation of privacy in their respective lockers.

3. That at the time of the search, there were no department regulations, had been no prior searches, and the Police had taken no other actions that would dispell or diminish plaintiffs' expectations of privacy.

4. That each plaintiff was assigned a separate locker and that each locker was secured with a lock.

5. That each plaintiff was issued a key to his locker and a master key was maintained by the Police, purportedly for limited entrance into the lockers.

6. That plaintiffs' consent was not obtained by defendants prior to the search of the lockers.

7. That subsequent to the search, a letter of apology was sent by the Police to each plaintiff in regard to the nonconsensual search.

8. That no exigent circumstances existed that required a search of the lockers prior to obtaining consent of the plaintiffs or giving them notice.

Plaintiffs contend that the actions taken by Officer Glendening and Corporal Kipp at the direction of defendants constituted an unlawful search and seizure in violation of their Fourth Amendment rights, that plaintiffs' sworn affidavits work to eliminate any material question of fact and that as a matter of law, plaintiffs are entitled to judgment.

Defendants, although they do not contest the material facts, disagree with the conclusions drawn by plaintiffs. Defendants agree that a locker "check" was conducted on January 18, 1978, without a warrant and without the consent of the plaintiffs to whom the lockers were assigned. Defendants also agree that each plaintiff was assigned his own locker, equipped with lock and key, and that a letter of apology was sent subsequent to the search. Defendants do not agree, however, that plaintiffs had a reasonable expectation of privacy in their lockers and contend that even if they did, the locker check authorized by defendants did not infringe upon that expectation. In a second part of their brief in support of their motion for summary judgment, defendants contend that in any event, plaintiffs' action should be dismissed as it is barred by the Eleventh Amendment.

Since jurisdictional matters must be settled at the outset, and because "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar," *Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974), that issue shall be addressed first.

In essence, defendants contend that plaintiffs' action is one wherein state agencies, *inter alia*, are named defendants and that plaintiffs seek retrospective relief in the form of damages. Defendants interpret the Eleventh Amendment cases handed down by the Supreme Court as barring any action wherein the state or state agencies are specifically named in the suit, as well as those actions wherein the state is the real party in interest (although not a named party) and the relief sought is primarily damages, whether the relief be retrospective or prospective.

As was recently stated by Judge Sloviter speaking for the Third Circuit Court of Appeals, "any step through the looking glass of the Eleventh Amendment leads to a wonderland of judicially created and perpetuated fiction and paradox." *Spicer v. Hilton*, 618 F.2d 232, 235 (3rd Cir. 1980). The court in *Spicer* went on to explain

---

1. The actual "search" was conducted by Officer Glendening and Corporal Kipp, having been ordered to do so by Sgt. Herrin, who had received the order from Capt. Stauffer, a named defendant.

[A]lthough scholarly debate on the origins and scope of the Eleventh Amendment still rages, it is undisputed that the Amendment operates to bar award of a monetary judgment directly against the state, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). This court has read the *Edelman* decision as closing the door on *any money award from the state treasury*, whether the claim arises under state law, under federal law made binding upon the states by virtue of the supremacy clause, or under the Fourteenth Amendment directly. *Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 31, 42–43 n. 7 (1974), *vacated and remanded on other grounds*, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975); *accord, O'Neill v. Pennsylvania*, 459 F.2d 1 (3d Cir. 1972) (per curiam). *Id.* at 236. (Emphasis added) (footnote omitted).

■ It is clear that plaintiffs' case against the Department of General Services and the State Capitol Police, which are agencies of the Commonwealth of Pennsylvania, is barred by the Eleventh Amendment, unless the state expressly consents to the filing of such a suit or in some manner waives its right to assert the Eleventh Amendment bar. *Alabama v. Pugh*, 438 U.S. 781, 783, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978) (per curiam). It is not alleged by plaintiffs that the Commonwealth of Pennsylvania has consented to suit being filed against either the Department of General Services or the State Capitol Police or waived its right to assert an Eleventh Amendment bar. Absent that consent or waiver, plaintiffs' suit against these agencies is barred. Plaintiffs' claims against the Department of General Services and State Capitol Police, therefore, will be dismissed due to lack of subject matter jurisdiction.

■ Defendants contend that for the same reason, plaintiffs' suit against defendant Stauffer must be dismissed. It is true that "a monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment even when the suit is filed against nominal state officials." *Spicer, supra* at 236, citing *Edelman v. Jordan, supra.* In the case *sub judice,* however, the complaint does not clearly state whether defendant Stauffer is being sued in his official capacity, or as an individual. It has been held that where a complaint does not expressly state whether a defendant is sued in his official capacity or as an individual, courts may construe the facts in the light most favorable to plaintiff. *Savage v. Commonwealth of Pennsylvania,* 475 F.Supp. 524, 532 (E.D.Pa.1979). Such a construction is warranted, however, only when it is reasonably supported by the facts; a situation which does not exist in the instant case.

A construction that plaintiff is suing defendant Stauffer in his individual capacity is not reasonably supported by the facts of record. Service of the complaint against defendant Stauffer was not made in compliance with Rule 4(d)(1) of the Federal Rules of Civil Procedure, which details the manner in which individuals, other than infants and incompetents, must be served.[2] Further, in their complaint, plaintiffs refer to defendant Stauffer as "an adult individual, employed as a Captain of defendant Capitol Police, *having as an address his place of employment,*" who was at all pertinent times acting "as an employee of defendants Capitol Police and Department of General Services," and whose *"conduct within his scope of employment* of defendants Capitol Police and Department of General Services, was a willful and intentional act in direct violation of plaintiffs' Fourth Amendment right. . . ." In light of the foregoing facts, the court is of the opinion that the only *reasonable* interpretation is to construe plaintiffs' complaint as against defendant Stauffer in his official capacity, despite the fact that such an interpretation will result

---

**2.** It is noted, however, that it is possible, albeit highly improbable, that plaintiff intended to effect proper service upon defendant Stauffer as an individual pursuant to Rule 4(d)(7) of the Federal Rules of Civil Procedure.

in plaintiffs' action against defendant Stauffer being barred by the Eleventh Amendment.

Even assuming, *arguendo*, that plaintiffs intended to sue defendant Stauffer in his individual capacity, plaintiffs face yet another roadblock that vitiates their cause of action against defendant Stauffer. Plaintiffs' suit is predicated solely upon an infringement of their Fourth Amendment rights as applied by the Fourteenth Amendment, and not upon a violation of civil rights protected by 42 U.S.C. § 1983. Section one of the Fourteenth Amendment provides:

Section 1. Citizens of the United States.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No *State* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any *State* deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. (emphasis added).

It is clear from the express language of the amendment that it addresses only state action, not actions of individuals. This interpretation has been consistently upheld by the courts. *Virginia v. Rives*, 100 U.S. 313, 25 L.Ed. 667 (1880); *Watkins v. Oaklawn Jockey Club*, 183 F.2d 440 (8th Cir. 1950); *Wilcox v. Horan*, 178 F.2d 162 (10th Cir. 1949); *Mason v. Hitchcock*, 108 F.2d 134 (1st Cir. 1939); *Davidow v. Lachman Bros. Inv. Co.*, 76 F.2d 186 (9th Cir. 1935). *See also Evans v. Abney*, 396 U.S. 435, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970).

Under the present circumstances, plaintiffs' cause of action against defendant Stauffer, as pleaded, must be dismissed as suit against defendant Stauffer in his offi-

cial capacity is barred by the Eleventh Amendment. Even if plaintiffs' complaint were interpreted to charge defendant Stauffer as an individual, the case must be dismissed because there is no cause of action under the Fourteenth Amendment as no state action is alleged. The net result of the court's findings is that plaintiffs' entire case must be dismissed.

Although defendants' motion was designated as a motion for summary judgment, the court finding no subject matter jurisdiction with respect to any of the defendants, plaintiffs' action will be dismissed as summary judgment is not proper where no jurisdiction lies. Since plaintiffs' entire case is dismissed, plaintiffs' motion for summary judgment becomes moot.